21 F.3d 1119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos Alfonso VALDIVIA-ECHEANDIA; Martha Silvia Romero;
Carlos Arcadio Valdivia-Romero; Maria Del Maria
Del Carmen Valdivia-Romero; Jorge Luis
Valdivia-Romero, Petitioners,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70758.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 18, 1994.
Decided March 29, 1994.
 
 Before: WALLACE, Chief Judge, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Carlos Alfonso Valdivia-Echeandia, his wife, his daughter and two sons, applied for political asylum in the United States, alleging that they had a reasonable fear of persecution on account of a political opinion if they returned to Peru. The immigration judge denied their applications, finding that Valdivia-Echeandia failed to establish that any threatened or actual persecution was on account of a political opinion. The Board of Immigration Appeals agreed. The petitioners now appeal the BIA decision, alleging that the BIA abused its discretion in dismissing the appeal. We affirm.
 
 BACKGROUND
 
 3
 Valdivia-Echeandia was formerly a supervisor of plant security at an explosives factory in Peru. He testified that in 1982 he received threats from an anti-government guerrilla group called the Shining Path, who wanted to obtain secret plans for making bombs. Valdivia-Echeandia refused to succumb to the Shining Path's threats because of his obligation to the company. However, while Valdivia-Echeandia was on vacation, several employees under his supervision smuggled secret documents out of the company's files to Shining Path guerrillas. Valdivia-Echeandia and the four employees involved were prosecuted for the crime. Although Valdivia-Echeandia was acquitted, the four employees were convicted for assisting in the theft of the plans. Id. Valdivia-Echeandia left his employment at the explosives factory following the acquittal, though, because his responsibilities at the factory were significantly curtailed by his suspicious superiors.
 
 
 4
 Valdivia-Echeandia testified that he was threatened for his refusal to cooperate and that both he and his son were beaten by guerrillas. He also alleged that his wife was followed. To flee these dangers, he left his home in Lima and began working in the country for a short period of time. He returned to Lima for trial, however, and was again threatened. He and his family eventually moved to the United States, all entering without inspection at various times in 1984 and 1985.
 
 
 5
 The immigration judge ruled that, although Valdivia-Echeandia had presented uncontroverted evidence of danger to himself and his family in Peru, he had not proven that he was singled out for persecution because of a political opinion or any other qualifying basis for asylum. He testified that the danger stemmed from his access to sensitive materials and his refusal to provide those documents to the Shining Path. He refused to provide the documents not because he was politically opposed to the Shining Path, but because it was his job to protect the secrecy of the documents.
 
 
 6
 On appeal, the Board of Immigration Appeals conducted an independent review of the record and agreed that Valdivia-Echeandia and his family had failed to establish either a well-founded fear of persecution or a clear probability of persecution on a qualifying basis. Validiva-Echeandia has appealed, claiming that the BIA abused its discretion in dismissing the appeal.
 
 DISCUSSION
 A. Standard of Review
 
 7
 We may reverse a decision of the BIA only if the evidence presented was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution. I.N.S. v. Elias Zacarias, 112 S.Ct. 812, 817 (1992).
 
 B. Analysis
 
 8
 In Zacarias v. I.N.S., 921 F.2d 844, 852 (9th Cir.1990), we ruled that a Guatemalan asylum applicant had established a well-founded fear of persecution on account of a political opinion when he testified that guerrillas threatened him with forced conscription. He had testified that he did not want to join the guerrillas and that he believed the government would retaliate against him and his family if he refused. Id. at 851-52.
 
 
 9
 Reversing our decision, the Supreme Court ruled that the political motive of the guerrilla group was not sufficient to make the forced recruitment "persecution on account of ... political opinion." I.N.S. v. Elias Zacarias, 112 S.Ct. at 816. Although the Court did not decide whether the applicant had established that he had a political opinion, it found that he had failed to establish "that the guerrillas will persecute him because of that political opinion, rather than because of his refusal to fight with them." Id.
 
 
 10
 Valdivia-Echeandia has likewise failed to prove that the danger facing him and his family qualifies as persecution on account of a political opinion. He testified that he was persecuted for refusing to assist the Shining Path guerrillas. However, the administrative record is barren of any indication that Valdivia-Echeandia holds a political viewpoint opposed to that of the Shining Path or that such an opinion is the reason he was persecuted. He refused to assist the guerrillas, apparently not because he disagreed with their cause, but because his sense of duty to his employer as a security officer prevented him from stealing confidential documents.[1]
 
 
 11
 Valdivia-Echeandia testified that the four employees who did in fact assist the guerrillas were convicted and imprisoned. Thus, Peruvian justice was likely an additional non-political motivation for Valdivia-Echeandia's refusal to assist the guerrillas. In any event, Valdivia-Echeandia's asylum claim is undercut by his own candid assertion that the persecution was "on account of" his belief that he should be a loyal employee.
 
 
 12
 Although Valdivia-Echeandia states a compelling case that he was persecuted, he has failed to establish that he was persecuted on a basis that would qualify him and his family for political asylum. Therefore, the petition for review is
 
 
 13
 DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The BIA clearly based its decision on the Supreme Court opinion in Elias Zacarias. Yet, Valdivia-Echeandia failed to distinguish or even cite the case